UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HAMP'S CONSTRUCTION, L.L.C.** | **CIVIL ACTION** |
| **VERSUS** | **No. 11-1192** |
| **TIFFANY HOSEY BROWN, ET AL.** | **SECTION "I"** |

## ORDER AND REASONS

Before the Court are motions[1] to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) ("Rule 12(b)(6)") or, in the alternative, motions for summary judgment, filed by defendants, Tiffany Hosey Brown ("Brown") and Sylvester E. Hosey ("Hosey") (collectively, "defendants"). Plaintiff, Hamp's Construction, L.L.C. ("Hamp's"), opposes[2] the motions. For the following reasons, the motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) are **GRANTED**.

### *BACKGROUND*

Hamp's and TAG-Mississippi Enterprises, L.L.C. ("TAG"), entered into a contract in September 2008 to form a joint venture to provide construction services to the East Atchafalaya Basin Protective Levee (the "project").[3] TAG, the managing venturer, had a fifty-one percent ownership of the joint venture, while Hamp's share comprised the other forty-nine percent.[4] The joint venture agreement provided that TAG would appoint the joint venture's project manager

---

[1] R. Doc. Nos. 8 and 9.
[2] R. Doc. No. 12.
[3] R. Doc. No. 1, ¶ 6.
[4] R. Doc. No. 1, ¶ 6.

and Brown, TAG's president, was selected to serve as project manager.[5]  At all relevant times, Hosey was TAG's owner and managing member.[6]

Approximately six months after the joint venture began performance on the project in November 2008, Brown and Hosey allegedly began committing tortious acts.[7]  Hamp's alleges that Brown, with Hosey's knowledge and encouragement, removed all funds from the joint venture's account and placed them in a separate account to which Hamp's had no access.[8]  Brown allegedly refused to allow Hamp's access to the joint venture's books and records and also depleted the joint venture funds for her personal use and TAG's personal use.[9]

In June 2009, Brown filed an arbitration demand with the American Arbitration Association ("AAA") alleging that Hamp's stole the joint venture funds.[10]  That same month, Hamp's filed its own demand with the AAA due to Brown and Hosey's alleged tortious acts.[11]  In August 2010, the arbitration panel issued an award in favor of Hamp's and denied all of TAG's claims.[12]  The arbitration panel also denied both parties' requests for attorney's fees and costs.[13]

Among their several arguments, defendants contend that Hamp's claims must be dismissed because Hamp's seeks to recover the attorney's fees and costs that it incurred in its arbitration with TAG.[14]  Defendants assert that Louisiana law does not permit a party to recover attorney's fees and costs unless such recovery is provided for by contract or statute, and because

---

[5] R. Doc. No. 1, ¶ 8.
[6] R. Doc. No. 1, ¶ 18.
[7] R. Doc. No. 1, ¶¶ 12 and 18.
[8] R. Doc. No. 1, ¶ 12.
[9] R. Doc. No. 1, ¶¶ 16 and 26.
[10] R. Doc. No. 1, ¶ 19.
[11] R. Doc. No. 12, ¶ 5.
[12] R. Doc. No. 1, ¶ 34.
[13] R. Doc. No. 9-2, p. 21.
[14] R. Doc. Nos. 9-3, p. 7 and 10-3, p. 6.

Hamp's has not identified such a contract or statute, it is not entitled to attorney's fees and costs.[15] Hamp's counters that pursuant to this Court's reasoning in *Kadlec Med. Ctr. v. Lakeview Anesthesia Assoc.*, 2006 U.S. Dist. LEXIS 8723 (E.D. La. May 6, 2006), *aff'd* 527 F.3d 412 (5th Cir. 2008), it may recover attorney's fees and costs as economic damages incurred as the consequence of third-party torts.[16] The Court finds *Kadlec* distinguishable and, consequently, Hamp's claims must be dismissed.

## LAW AND ANALYSIS

### I.     Rule 12(b)(6)

A district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief can be granted if the plaintiff has not set forth a factual allegation in support of his claim that would entitle him to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007). As the Fifth Circuit explained in *Gonzalez v. Kay*:

> "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The Supreme Court recently expounded upon the *Twombly* standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, --- U.S. ---, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955, 167 L.Ed.2d 929). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]' – 'that the pleader is entitled to relief.' " *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

577 F.3d 600, 603 (5th Cir. 2009).

---

[15] R. Doc. Nos. 9-3, p. 8 and 10-3, p. 7.
[16] R. Doc. Nos. 12, p. 7-9 and 21, p. 2-3.

This Court will not look beyond the factual allegations in the pleadings to determine whether relief should be granted. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In assessing the complaint, a court must accept all well-pleaded facts as true and liberally construe all factual allegations in the light most favorable to the plaintiff. *Spivey*, 197 F.3d at 774; *Lowrey v. Tex. A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.' " *Cutrer v. McMillan*, 308 Fed. App'x. 819, 820 (5th Cir. 2009) (quoting *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986)).

II.     **Summary Judgment**

Summary judgment is proper when, after reviewing "the pleadings, the discovery and disclosure materials on file, and any affidavits," the court determines there is no genuine issue of material fact. Fed. R. Civ. P. 56(c). The party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The party seeking summary judgment need not produce evidence negating the existence of material fact, but need only point out the absence of evidence supporting the other party's case. *Celotex*, 477 U.S. at 323; *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986).

Once the party seeking summary judgment carries its burden pursuant to Rule 56(c), the other party must come forward with specific facts showing that there is a genuine issue of material fact for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The showing of a genuine issue is not satisfied by creating " 'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' 'unsubstantiated assertions,' or by only a

'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (citations omitted). Instead, a genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party responding to the motion for summary judgment may not rest upon the pleadings, but must identify specific facts that establish a genuine issue. *Id.* The nonmoving party's evidence, however, "is to be believed, and all justifiable inferences are to be drawn in [the nonmoving party's] favor." *Id.* at 255; see *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999).

### III.     Recovery of Attorney's Fees and Costs

Under Louisiana law, a party cannot recover attorney's fees except where such recovery is provided for by contract or authorized by statute. *Dep't of Transp. and Dev. v. Wagner*, 38 So.3d 240, 241 (La. 2010) (citing *Huddleston v. Bossier Bank and Trust Co.*, 475 So.2d 1082, 1085 (La.1985)); *Campbell v. Melton*, 817 So.2d 69, 80 (La. 2002) (citing *Curtis v. Curtis*, 680 So.2d 1327 (La. App. 2d Cir. 1996)); *Langley v. Petro Star Corp. of La.*, 792 So.2d 721, 723 (La. 2001) (citing *Sharbono v. Steve Lang & Son Loggers*, 696 So.2d 1382, 1386 (La. 1997)). Similarly, a person who is not a party to a lawsuit cannot be taxed with the costs of such lawsuit. *Cormier v. Roberson*, 691 So.2d 807, 809 (La. App. 1st Cir. 1997) (citing *Evans v. Louisiana Farm Bureau Mut. Ins. Co.*, 291 So.2d 865, 868 (La. App. 3rd Cir. 1974)). "The term 'party' refers to one who has filed a claim, who has been named in a suit, or who, although unnamed, has been allowed to enter a general appearance and seek certain relief." *Id.* (citing *Socorro v. City of New Orleans*, 579 So.2d 931, 945-46 (La.1991); *Zurich-American Ins. Co. v. State Worker's Compensation Second Injury Bd.*, 600 So.2d 883, 885 (La. App.1st Cir.1992)).

Brown and Hosey were not parties to the arbitration between Hamp's and TAG.[17] Hamp's has not identified any statute that would enable it to recover attorney's fees from Brown or Hosey. Furthermore, the arbitration panel determined that no attorney's fees could be awarded as a result of the arbitration. Consequently, without more, Hamp's is not entitled to the attorney's fees and costs it incurred in the arbitration between itself and TAG.

Hamp's cites *Kadlec Med. Ctr. v. Lakeview Anesthesia Assoc.*, 2006 U.S. Dist. LEXIS 8723 (E.D. La. May 6, 2006), *aff'd* 527 F.3d 412 (5th Cir. 2008), as authority that it may recover its attorney's fees and costs as economic damages.[18] In *Kadlec*, a Louisiana medical practice learned that one of its physicians was abusing Demerol, a narcotic, and the practice terminated the physician "for cause" because it believed that the physician's actions put patients at risk. *Kadlec Med. Ctr. v. Lakeview Anesthesia Assoc.*, 527 F.3d 412, 415 (5th Cir. 2008). However, the medical practice never reported the physician's substance abuse problem to any disciplinary agency, such as the Louisiana Board of Medical Examiners. *Id.* at 416.

The physician left Louisiana and later applied for medical privileges at a hospital in the State of Washington. *Id.* During its credentialing process, the hospital contacted the medical practice to inquire about the physician's references. *Id.* The medical practice provided favorable reports and it did not inform the hospital of the physician's Demerol use; the hospital granted medical privileges to the physician. *Id.* at 416-17. Subsequently, a hospital patient under the physician's care was severely injured and the patient's family sued the hospital. *Id.* at 417. The hospital and its insurer settled the lawsuit, in which they incurred approximately $744,000 in attorney's fees and costs. *Id.* at 418. The hospital and its insurer then sued the medical practice

---

[17] R. Doc. Nos. 1, ¶¶ 24 and 34, and 25, pp. 3-4.
[18] R. Doc. Nos. 12, p. 7-9 and 21, p. 2-3.

6

in tort for its misrepresentations regarding the physician's background. *Id.* at 417-18.  During the trial of the hospital's and insurer's lawsuit against the medical practice, the trial court permitted the hospital and insurer to introduce evidence of the attorney's fees and costs incurred in the lawsuit with the patient's family.  *Id.* at 426.[19]

Consequently, in *Kadlec*, the underlying lawsuit for which the hospital and insurer were able to recover costs and attorney's fees was separate and distinct from the litigation between the hospital and insurer and the medical practice.  The litigation between the hospital and the patient's family did not turn on the medical practice's misrepresentations to the hospital.

Conversely, here, Hamp's seeks to recover attorney's fees and costs incurred as a result of the arbitration for the breach of contract between itself and TAG predicated on Brown's and Hosey's alleged tortious acts.  Accordingly to the complaint, it was Brown and Hosey who impeded performance of the contract that constituted the joint venture agreement.  Hamp's and TAG entered into arbitration because of the alleged breach of contract caused by Brown's and Hosey's acts and omissions.

In the arbitration, Hamp's prevailed against TAG.  The arbitration panel awarded Hamp's the anticipated profit that it would have received had the contract been performed.[20]  Absent any alleged misdeeds by Brown or Hosey, the contract could not have been breached.  The alleged tortious conduct is essentially intertwined with the breach of contract claim as it constitutes the breach of contract claim.   Were the Court to permit Hamp's to hold Brown and Hosey liable for the attorney's fees and costs incurred due to the arbitration, the general rule that a party

---

[19] The trial court based its evidentiary ruling on Restatement (Second) of Torts § 914(2), which provides "[o]ne who through the tort of another has been required to act in the protection of his interests by brining or defending an action against a third person is entitled to recover reasonable compensation for loss of time, attorney fees and other expenditures thereby suffered or incurred in the earlier action." *Kadlec Med. Ctr. v. Lakeview Anesthesia Assoc.*, 2006 U.S. Dist. LEXIS 8723, at *5 (E.D. La. May 6, 2006).
[20] R. Doc. No. 1, ¶ 34.

7

cannot recover attorney's fees and costs unless statute or contract so provide would be vitiated. The arbitration panel concluded that no attorney's fees or costs should be awarded in resolving the breach of contract claim. The Court finds *Kadlec* distinguishable. Hamp's cannot recover attorney's fees and costs against Brown and Hosey as economic damages based on the rationale of *Kadlec*.

Accordingly,

**IT IS ORDERED** that the motions[21] to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) are **GRANTED** and that plaintiff's claims asserted against defendants are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, September 27th, 2011.

                                     _____
                                                    **LANCE M. AFRICK**
                                       **UNITED STATES DISTRICT JUDGE**

---

[21] R. Doc. Nos. 8 and 9.